THE INHABITANTS OF WESTBROOK v. NORTH.

If a county road be laid out and accepted over land of a private citizen, to whom damages are awarded for the easement, which are paid by the town, and the road is afterwards discontinued without having been opened, the town cannot recover back the money thus paid.

The discontinuance of a road by the Court of Sessions is no reversal of the proceedings respecting its location.

IN this action, which was *assumpsit*, a verdict was taken for the plaintiffs, subject to the opinion of the Court whether the action was maintainable, upon the following facts.

In the autumn of 1817 a county highway was laid out and accepted across the defendant's land in *Westbrook*, and damages awarded to him to be paid by the plaintiffs to the amount of $112,50. In 1819 the defendant removed a barn off from the land over which the road was laid, and built a fence on one side of the road, and took his warrant for the amount of damages awarded him, which was paid by the plaintiffs. The road was never opened, nor any other damage than the above sustained by the defendant; and in the autumn of 1820 the road was discontinued. The verdict was for the amount of damages paid the defendant, deducting the cost of the fence and the expense of removing the barn.

*Greenleaf*, for the plaintiffs, now argued—1st. Here is a failure of consideration. The sum awarded in damages to *North* was for a *public easement* over his land, which the public have never enjoyed.—2d. The defendant has received money which *ex æqua et bono*, he ought to refund. He received $112,50 in anticipation of damages *to be* sustained, if the road should be opened and maintained;—but the jury have found his damage to amount to no more than $62,50; and he can sustain no more, the road being discontinued. Of course he cannot, in conscience, retain the surplus.—3. The defendant cannot retain the money on the ground that it was paid to him under a judgment; for the discontinuance of the road is in the nature of a reversal.

*Longfellow* and *Anderson*, for the defendant, contended,— 1st. That this action would not lie for money had and received under a judgment of a Court having jurisdiction of the subject matter, until that judgment is reversed. *Newdigate v. Davy*, 1 Ld. Raym. 742. *Marriot v. Hampton*, 7 D. & E. 269. And here is no reversal. If a highway be once established and used, a subsequent discontinuance of it is no reversal of the original location. The records of the Sessions would only shew that at one time it was expedient to establish the road, and at an after period it was no longer expedient to continue it.—2d. The consideration has not failed. The public took to themselves the right of passing over the land of the defendant as long as they might see cause; and the sum given was for whatever damages he might sustain, more or less. And the jury having found that he sustained damages, he has a right to the whole money.

MELLEN C. J. delivered the opinion of the Court as follows.

By the constitution, the public have a right to take the property of an individual for certain purposes, without his consent, making him compensation therefor; the mode being pointed out by law.—In virtue of this constitutional authority, and the law made in pursuance thereof, the defendant's land was appropriated by the *Court of Sessions* as a highway. The fee of the land still remained in *North ;* but by the order or judgment of that Court on the acceptance of the road as located, the public became the purchasers of an *easement*, at the price estimated by the committee. And *North* thereupon became entitled, by such order or judgment, to the sum awarded to him as damages. That sum he has received, and he claims a right to retain it. He admits the right of the public to purchase the *easement* in the manner above mentioned, and take it without his consent; but he denies that the public have any right to *compel* him to purchase it again, at any price. And the road has been discontinued. He contends that such discontinuance does not vacate the proceedings as to its location; that the original order, or judgment of Court remains in full force ; and that the discontinuance is only prospective in its operation. We are satisfied with this reasoning of the defendant's counsel, and do not per-

ceive how the action can be maintained. There is no promise to refund the money, either express or implied. It was received in virtue of a judgment of Court, and that judgment has not been reversed; or, in other words, the proceedings of the Court by which the road was laid out and established, have never been quashed. The public have only done an act by which their easement has been extinguished, but this cannot create any obligation on the part of the defendant to purchase the easement against his consent, by paying back the sum which he received for it.

Accordingly the verdict must be set aside and a nonsuit entered.